UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVESTER JAMES MAHONE,

Plaintiff,

v.

PIERCE COUNTY, PAUL PASTOR, JOHN DOE PIERCE COUNTY JAIL DEPUTY, JOHN DOE PIERCE COUNTY JAIL DEPUTY, JOHN DOE PIERCE COUNTY JAIL DEPUTY,

Defendants.

NO. C14-5665 BHS-KLS

**REPORT AND RECOMMENDATION**
**NOTED FOR: NOVEMBER 7, 2014**

Defendants move the Court to revoke the in forma pauperis (IFP) status of Plaintiff Sylvester James Mahone. Dkt. 10. Mr. Mahone is currently incarcerated at the Pierce County Detention and Corrections Center (PCDCC). Defendants contend that Mr. Mahone manipulated the amount in his inmate account at the PCDCC, deliberately leaving less than the amount that would have been available to pay the Court's partial monthly filing payments. *Id.* Mr. Mahone denies that he manipulated his account and that partial monthly filing payments are being deducted. Dkt. 14.

Based on the evidence provided, the undersigned recommends that Defendants' motion to revoke Mr. Mahone's IFP status be denied.

**FACTS**

Mr. Mahone filed his IFP motion on August 21, 2014. Dkt. 1. The prison trust statement he submitted with his IFP motion reflects that after two deposits ($70.25 on 6/30/14 and $45.00 on 7/16/14), Mr. Mahone's balance at the beginning of July 2014 was $115.25. After unidentified expenses of $66.50, his balance as of August 7, 2014 was $48.75. After unidentified expenses during the month of August totaling $68.70, his account balance was reduced to $2.55. Dkt. 2, p. 1. On August 25, 2014, the Court granted Mr. Mahone leave to proceed IFP and directed the PCDCC to collect an initial partial filing fee and thereafter, to collect monthly payments of 20 percent of the preceding month's income until the full amount of the filing fee is satisfied. Dkt. 4.

Sergeant Katharine Miller of the PCDCC states that on September 12, 2014, the PCDCC received anonymous kites from other inmates claiming that Mr. Mahone was bullying and threatening other inmates in his unit. According to Sgt. Miller, one inmate admitted that Mr. Mahone's mother put money in his account and that Mr. Mahone then exchanged coffee with him for commissary purchases. The commissary vendor confirmed that Mr. Mahone's mother placed money on two inmate accounts between September 2, 2014 and September 10, 2014 for a total of $85.00. Dkt. 12, Declaration of Correctional Sergeant Katharine Miller, ¶¶ 4-6.

On September 19, 2014, Mr. Mahone contended in a kite that placing money in other inmate accounts was a rule violation and asked that the money be returned to his family. Sgt. Miller informed Mr. Mahone that "[h]aving other inmates order commissary for you on their accounts is a rule violation." Dkt. 12, Miller Decl., pp. 4-5.

In his declaration, Mr. Mahone states that he never put money on inmate accounts nor had others do so to avoid filing fees. He states that he has placed money on inmate accounts to pay

off blood gang members who threaten to physically assault him if he does not comply and that if he snitches, they will shoot up his mother's house and stomp him out while he is in jail. He states that he is 44 years old, disabled with peripheral neuropathy, walks with a cane, and is outnumbered by 15 to 20 gang members in their early 20's. Dkt. 15, Declaration of Sylvester James Mahone, ¶¶ 2-4. He further states that he was recently placed in a new unit and is safe now and that as of October 1, 2014, the PCDCC deducted $31.00 from his account balance of $38.00 for the District Court's filing fee (Transaction No. 121439), leaving his account balance at $7.89. *Id.*, ¶ 6[1].

In a supplemental declaration, counsel for Defendants states that jail records reveal that the two inmates Mr. Mahone claims were threatening him and his mother are not in their 20's and are not likely "blood" gang members. One inmate is a 36-year-old Caucasian male who is 4'3" tall and weighs 131 pounds, and the other is a 40-year old Caucasian male who is 6'2" and weighs 250 pounds and has a tattoo on his neck that reads "Psycho white guy." Dkt. 18, Supplemental Declaration of James Richmond, ¶¶ 3.

## DISCUSSION

### A. Motion to Strike

Defendants urge the Court to strike Mr. Mahone's declaration because it is self-serving. They argue that Mr. Mahone should not be allowed to "change his testimony to withstand the motion to vacate his IFP status." Dkt. 17. Defendants state that because Mr. Mahone never complained to prison officials that he was fearful for himself and his mother when confronted with the deposits, the statements in his declaration represents a change in "testimony." A

[1] Although Mr. Mahone complains that this deduction exceeds the 20% directed in the Court's Order, Defendants confirm that the deduction was for the initial partial filing fee assessment which is not subject to the 20% limitation.

declaration is sworn testimony but statements in a prison kite are not sworn statements. In addition, Mr. Mahone's declaration does not contradict his kite. In the kite, Mr. Mahone stated that he wanted the money returned to his mother and that he believed placing money in other prisoner accounts was not a rule violation. In his declaration, Mr. Mahone states the reason his mother placed money in the accounts was because he feared retribution from gang members. In response, Defendants ask the Court to speculate that two inmates who were interviewed are not "likely" gang members and to consider hearsay statements that Mr. Mahone was bullying them.

Declarations will often be self-serving—"otherwise there would be no point in [a party] submitting [them]." *U.S. v. Shumway*, 199 F.3d 1093, 1104 (9th Cir.1999). Unless a declaration states only conclusions or facts not within the personal knowledge of the declarant, the self-serving nature of an affidavit goes to its credibility, not to its admissibility. *SEC v. Phan*, 500 F.3d 895, 909 (9th Cir.2007).

Defendants' motion to strike Mr. Mahone's declaration should be denied.

**B. 28 U.S.C. § 1915(g) – Revocation of IFP Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00[2]. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.1999).

[2] Parties not granted IFP are obligated to pay an additional $50.00 administrative fee for a total filing fee of $400.00.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Pursuant to Section 1915, notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal-

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(a).

If the court determines that a plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2)(A). Section 1915(e) applies to all cases initiated under the IFP statute, filed by both prisoners and non-prisoners. *O'Brien v. United States Department of Justice*, 927 F.Supp. 382, 385 (D.Ariz.1995), aff'd mem., 76 F.3d 387 (9th Cir.1996). "Flagrant misrepresentation" is the standard for rejection of an inaccurate but unperjured affidavit of poverty. *Adkins v. E.I. DuPont, supra*. This has been construed to mean that a minor inaccuracy should not be punished by denial of benefits when poverty can be established from the corrected affidavit. *Sturdevant v. Deer*, 69 F.R.D. 17 (E.D.Wis.1975). For example, where there is no sign of bad faith or willful deceit and a party's unreported additional income would not have made the

party ineligible for IFP status, dismissal of the case is inappropriate. *Acevedo v. Reid*, 653 F.Supp. 347 (S.D.N.Y.1986).

The court may revoke a plaintiff's IFP status if it later determines that the plaintiff made false statements on his financial affidavit. *Cross v. General Motors Corp*., 721 F.2d 1152 (9th Cir.1983); *Camp v. Oliver*, 798 F.2d 434, 5 Fed. R. Serv.3d 1426 (11th Cir.1986).

It has been held that dismissal with prejudice is a drastic sanction to be applied only after lesser sanctions are considered and found inadequate. *Camp, supra*. Examples of such "lesser sanctions" include revoking the IFP status and requiring payment of a partial filing fee, allowing a reasonable time in which to pay the entire fee before dismissing the petition with prejudice or simply dismissing without prejudice. *Id*.

Here, Defendants argue that Mr. Mahone's IFP status should be revoked because he has diverted funds from his prison account so that it appears he has access to less money and has left less money in his prison account from which the 20% monthly filing fee assessment may be taken. Defendants ask this Court to revoke Mr. Mahone's IFP status, issue a third strike[3], and consider dismissing this lawsuit for Mr. Mahone's fraudulent conduct. Dkt. 10, p. 5.

Defendants first argue that Mr. Mahone's inmate balance history reflects that he had previously maintained an average of more than $50.00 per month in his account but "drained" it to $1.35 before filing this lawsuit. The record reflects that at the time Mr. Mahone filed his IFP application in August 2014, his prison account balance was $2.55. The two previous months' activity on the prison account statement provided to the Court shows only unidentified

---

[3] Mr. Mahone has two strikes under 28 U.S.C. § 1915(g), which were final before August 21, 2014, the date on which he filed his complaint herein. *See* Dkt. 11, pp. 3-6. In *Mahone v. Pierce County*, No. C10-5847 RBL, the District Judge stated that the "underlying lawsuit was, and this appeal, is frivolous. Dkt. 72 therein. The Ninth Circuit confirmed that Mr. Mahone was not entitled to in forma pauperis status for his appeal and found that the appeal was frivolous. Dkt. 73 therein (filing from Ninth Circuit Case No. 11-35689).

commissary purchases of $66.50 and $68.70. Therefore, it is not possible to conclude from a review of the prison trust statement alone that Mr. Mahone purposefully "drained" his account prior to submitting his IFP application.

Defendants also contend that thereafter Mr. Mahone manipulated his account by having his mother place $85.00 – money meant for Mr. Mahone – in two other inmate accounts and Mr. Mahone then demanded those inmates purchase commissary items from their accounts for him. Dkt. 10, p. 2. Mr. Mahone was granted IFP in late August based on a prison account statement reflecting that he was indigent. It is not disputed that in September, Mr. Mahone's mother placed a total of $85.00 in two prisoner accounts and that Mr. Mahone was infracted for having one of those prisoners make commissary purchases for him from his prison account. It is also not disputed that in October, Mr. Mahone's prison account (which had $38.00 in it by that time) was assessed with an initial filing fee of $31.00.

The reason why Mr. Mahone's mother deposited $85.00 in other prisoner accounts is hotly disputed. Who was the bully and who was being bullied is also in dispute. What is clear from the record is that prison authorities disciplined Mr. Mahone for his behavior and Mr. Mahone states that he is now "safe." Therefore, it is anticipated that neither Mr. Mahone nor anyone on his behalf will be placing money in other prisoner accounts in the future. The Court also fully expects that it will continue to receive the monthly 20% repayment from Mr. Mahone for his filing fees for this case and any previous cases in which he has been granted IFP status.

//

//

**CONCLUSION**

The undersigned recommends that Defendants' motion to revoke Mr. Mahone's IFP status (Dkt. 10) be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 7, 2014,** as noted in the caption.

**DATED** this _21st_ day of October, 2014.

Karen L. Strombom
United States Magistrate Judge