1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYLVESTER JAMES MAHONE,

              Plaintiff,

    v.

PIERCE COUNTY, PAUL PASTOR,
JOHN DOE PIERCE COUNTY JAIL
DEPUTY, JOHN DOE PIERCE
COUNTY JAIL DEPUTY, JOHN DOE
PIERCE COUNTY JAIL DEPUTY,

              Defendants.

CASE NO. C14-5665 BHS-KLS

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION TO AMEND

16
17
18
19
20

      Plaintiff Sylvester James Mahone moves the Court for leave to file a second amended

complaint.  Dkt. 33.  Defendants oppose the motion on the grounds that granting leave to amend

would be futile.  Dkt. 35.  The Court finds that the motion to amend should be granted in part

and denied in part and Plaintiff shall be granted leave to file an amended complaint as discussed

further herein.

21

**BACKGROUND**

22
23
24

      Mr. Mahone filed this 42 U.S.C. § 1983 action on August 21, 2014.  Dkt. 1.  He sued

Pierce County, Paul Pastor, and three John Doe Deputies alleging that he was assaulted by the

John Doe Deputies during a court escort in 2013.  He alleges that his constitutional rights were

1  violated by John Doe Deputies' excessive use of force and the County's failure to adequately

2  train and supervise its employees.  Dkt. 1.  After the complaint was served, Mr. Mahone filed an

3  amended complaint naming the same parties and alleging the same claims.  Dkt. 9.  Defendants

4  filed their answer to the amended complaint.  Dkt. 16.

5       Mr. Mahone filed his present motion to amend on December 18, 2014.  Dkt. 33.  In his

6  proposed second amended complaint, Mr. Mahone adds two new defendants, conspiracy claims,

7  claims related to the handling of his grievance, and he identifies the John Doe Defendants

8  previously named in his amended complaint.  Dkt. 33-1.

9  **DISCUSSION**

10       Federal Rule of Civil Procedure 15(a)(2) directs a court to grant leave to amend if justice

11  so requires.  "A district court should grant leave to amend ... unless it determines that the pleading

12  could not possibly be cured by the allegation of other facts."  *Lacey v. Maricopa*, 693 F.3d 896,

13  926 (9th Cir.2012).  In other words, "requests for leave to amend should be granted with extreme

14  liberality...."  *Mirmehdi v. United States*, 689 F.3d 975, 985 (9th Cir.2012).

15       For a Rule 15(a) motion, the non-moving party bears the burden of persuading the court

16  that leave should not be granted.  *Breakdown Services, Ltd. v. Now Casting, Inc.*, 550 F.Supp.2d

17  1123, 1132 (C.D.Cal.2007) (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th

18  Cir.1987).  The Court considers the following five factors in its analysis when leave to amend is

19  requested:  (1) bad faith, (2) undue delay, (3) prejudice to opposing party, (4) futility of

20  amendment, and (5) whether the complaint was previously amended.  *United States v.*

21  *Corinthian Colleges*, 665 F.3d 984, 995 (9th Cir.2011).  Ordinarily, there is a presumption that

22  leave to amend should be granted absent a strong showing of one of the five factors.  *Eminence*

23  *Capitol, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO AMEND- 2

1    As noted above, Mr. Mahone's first amendment was filed prior to the time the

2  Defendants filed their answer.  There is no evidence that Plaintiff advances his proposed second

3  amendment in bad faith, with undue delay, or that the proposed amendment will cause prejudice

4  to the opposing party.  According to the Court's pretrial scheduling order, the parties still have

5  four months to complete discovery and six months to file dispositive motions.  Dkt. 19.

6  However, Defendants argue that amendment is futile.  The Court has reviewed the existing

7  amended complaint and proposed second amended complaint and finds that the motion to amend

8  should be granted in part and denied in part as follows:

9  **A.    Identification of John Doe Defendants**

10    The proposed second amended complaint identifies Terry Rembert, Jesse Boyle, Scott

11  Kasten, and Ilsop Lee as the individual officers who allegedly used excessive force on February

12  7, 2013.  Dkt. 33-1, pp. 2-4.  These parties were previously identified in Mr. Mahone's pleadings

13  as "John Doe" defendants.

14    Defendants argue that amending the complaint to identify the officers previously

15  identified as "john does" in Plaintiff's amended complaint is futile because they are entitled to

16  qualified immunity.  The question at this juncture in the litigation is whether Plaintiff has stated a

17  viable claim for relief.  Qualified immunity is not a broad shield that automatically protects all

18  state defendants because all allegedly shared the same reasonable belief.  Qualified immunity

19  must be decided with regard to each individual defendant based on his or her duty to act and his

20  or her conduct.  *See Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir.2000) (requiring district

21  court to "analyze the acts of each individual defendant in its qualified immunity analysis").

22  Before the Court can decide whether state defendants are entitled to qualified immunity because

23  they reasonably believed they acted in accordance with their legal duty in light of clearly

24  established law, it needs concrete facts on what each officer in fact did or did not do.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO AMEND- 3

1    Therefore, Plaintiff's motion to amend his complaint to identify the "john doe" officers

2    allegedly involved in using excessive force is **GRANTED.**

3    **B.    Allegations of Conspiracy**

4    In the proposed second amended complaint, Mr. Mahone alleges that Officers Rembert,

5    Boyle, Kasten, and Lee "colluded to write false incident reports of this beating" and Officers

6    George Wasson and Tony Genga "colluded in their decision" to not interview eye witnesses to

7    the assault so as to "cover up" the assault.  Dkt. 33-1, pp. 10-11.

8    Mr. Mahone fails to state a viable claim of conspiracy.  To establish a cause of action

9    under a § 1983 conspiracy claim, the plaintiff must prove "(1) the existence of an express or

10   implied agreement among the defendant officers to deprive him of his constitutional rights, and

11   (2) an actual deprivation of those rights resulting from that agreement." *Ting v. United States*,

12   927 F.2d 1504, 1512 (9th Cir.1991).   To show a conspiracy under § 1983 there must be an

13   agreement or meeting of the minds to violate the plaintiff's constitutional rights. *Woodrum v.*

14   *Woodward County*, 866 F.2d 1121, 1126 (9th Cir.1989).

15   Mr. Mahone has fallen far short of setting forth facts establishing a conspiracy.  He

16   merely states that the parties conspired.  He pleads no facts surrounding or relating to the alleged

17   conspiracy which would allow the Court to draw the reasonable inference that the defendants are

18   liable for the misconduct alleged.  To survive dismissal, a complaint must contain sufficient

19   factual matter that states a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S.

20   662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009).   Where a complaint pleads facts that are

21   merely consistent with a defendant's liability, it stops short of the line between possibility and

22   plausibility of entitlement to relief.  *Id*., 129 S.Ct. at 1950 (citations omitted).

23   However, Mr. Mahone shall be **GRANTED** leave to amend his complaint to include to

24   the extent possible, facts supporting his claim that the parties conspired.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO AMEND- 4

**C.    Grievance Investigation**

In the proposed second amended complaint, Mr. Mahone names as defendants Scott Wasson and Tony Genga as the officers who investigated his grievance.  Mr. Mahone alleges that these individuals failed to interview two inmate witnesses who had been identified as eye witnesses to the alleged assault.  Dkt. 33-1, p. 6.

Defendants argue that this claim must be dismissed because Mr. Mahone has no constitutional right to have his grievance investigated in a particular manner.  The Court agrees. Inmates have no constitutional right to particular prison grievance procedures.  *Mann v. Adams*, 855 F.2d 639 (9th Cir.1988), *cert. denied*, 488 U.S. 898 (1988); *Stewart v. Block*, 938 F.Supp. 582 (C.D.Cal.1996); *Hoover v. Watson*, 886 F.Supp. 410 (D.Del.1995) (*aff'd*, 74 F.3d 1226). Furthermore, "a state grievance procedure does not confer any substantive constitutional right upon prison inmates."  *Hoover*, 886 F.Supp. at 418 (*quoting Brown v. Dodson*, 863 F.Supp. 284, 285 (W.D.Va.1994)).  Therefore, the investigating officers' refusal to interview witnesses is not an independent constitutional violation.

Amending the complaint to add claims against Scott Wasson and Tony Genga based on their investigation of Mr. Mahone's grievance is futile.  Additionally, claims against Defendant Pierce County and/or Sheriff Pastor based on these same facts are similarly defective.  *See, e.g.,* Dkt. 33-1, p. 14.  Therefore, Mr. Mahone's motion to amend to add claims and parties regarding the handling of his grievance is **DENIED.**

**D.    Inadequate Training and Supervision**

In his proposed second amended complaint, Mr. Mahone alleges that Defendants Pierce County and its Sheriff Paul Pastor failed to provide adequate training, supervisory oversight, and control over the defendants regarding the use of excessive force.  Defendants argue that the amendment should be denied because Mr. Mahone has failed to allege evidentiary and legal

1  elements to support a claim of municipal liability or official misconduct.  However, Mr. Mahone

2  previously alleged in both his original and amended complaints that the officers used excessive

3  force during the court escort and that their use of excessive force was the result of a lack of

4  training and supervision.  *See e.g.,* Dkt. 9, p. 9.  Therefore, the proposed amendment does not

5  add new claims to the complaint.

6        Accordingly, it is **ORDERED:**

7        (1)    Plaintiff's motion to amend (Dkt. 33) is **GRANTED IN PART;** Plaintiff is

8  granted leave to file an amended complaint identifying the John Doe Defendants, restating his

9  claims against the County and Sheriff Pastor for inadequate training and supervision, and

10  alleging facts to support his conspiracy claims **on or before February 6, 2015.**  The remainder

11  of Plaintiff's motion to amend (Dkt. 33) as to claims relating to the investigation of his grievance

12  is **DENIED.**

13        (2)    The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for

14  Defendants.

15        DATED this <u>12th</u> day of January, 2015.

16

17                          *Karen L. Strombom*

                        Karen L. Strombom

18                          United States Magistrate Judge

19

20

21

22

23

24

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO AMEND- 6