UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYLVESTER JAMES MAHONE,<br><br>                      Plaintiff,<br>   v.<br><br>PIERCE COUNTY, PAUL PASTOR, TONY GENGA, GEORGE WASSON, TERRY REMBERT, JESSE BOYLE, SCOTT KASTEN, ILSOP LEE,<br><br>                      Defendants. | No. C14-5665 BHS-KLS<br><br>**ORDER PROVIDING RAND NOTICE AND RE-NOTING MOTION TO DISMISS AND/OR SUMMARY JUDGMENT** |

      On June 15, 2015, Defendants filed a "motion to dismiss under FRCP 12(c) and/or FRCP 56." Dkt. 53.  Defendants move for judgment on the pleadings and/or for summary judgment. *Id.*  Attached to the motion are documents and evidence outside of the pleadings. *Id.*

      The Ninth Circuit Court of Appeals requires pro se prisoner-plaintiffs to be given "notice of what is required of them in order to oppose" summary judgment motions *at the time of filing* of the motion.  *Woods v. Carey*, 684 F.3d 934, 935, 940–41 (9th Cir. 2012) (emphasis added). The notice requirement set forth in *Woods* applies to all pending and future cases.  *Id.* at 941.  At the time of filing his complaint, Plaintiff was a prisoner.  He has since been released from custody.  Defendant did not serve Plaintiff with notice consistent with *Woods* and in accordance with the holding of *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998).  Out of an abundance of caution, the Court provides Plaintiff with the *Woods* notice as follows:

ORDER - 1

**Plaintiff is advised that** a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added).

Further, it is **ORDERED:**

(1)     The Clerk of Court shall **re-note** Defendants' motion to dismiss and/or for summary judgment (Dkt. 53) for **July 24, 2015.**  Thus, Plaintiff's response to the motion is due on **July 20, 2015** and Defendants' reply is due on **July 24, 2015.**

(2)     The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 1st day of July, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2