UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SYLVESTER JAMES MAHONE,<br><br>                        Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY, PAUL PASTOR, TONY GENGA, GEORGE WASSON, TERRY REMBERT, JESSE BOYLE, SCOTT KASTEN, ILSOP LEE,<br><br>                        Defendants. | No. C14-5665 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  December 11, 2015** |

Defendants ask the Court to grant judgment on the pleadings under Fed. R. Civ. P. 12(c) and/or summary judgment under Fed. R. Civ. P. 56 on Plaintiff Sylvester James Mahone's claims against them.  Dkt. 53.  Defendants' motion was filed on June 15, 2015.  *Id.*  On July 1, 2015, the Court provided notice to Plaintiff pursuant to *Woods v. Carey*, 684 F.3d 934, 935, 940–41 (9th Cir. 2012) and re-noted Defendants' motion for July 24, 2015.  Dkt. 59.  On July 20, 2015, Plaintiff filed a motion seeking an extension of his time to respond until September 31 [sic], 2015.  Dkt. 60.  Based on Plaintiff's release, relocation to Georgia, and family obligations, the Court granted his motion and extended his deadline to respond until September 28, 2015.  Dkt. 61.  On October 3, 2015, Plaintiff sought an additional thirty day extension of his deadline

REPORT AND RECOMMENDATION - 1

to respond. Dkt. 69. Defendants did not oppose the extension. Dkt. 71. The Court granted the extension stating that there would be no further continuances of this motion. Dkt. 73.

Plaintiff did not file a response to the motion. On November 6, 2015, Defendants filed a reply. Dkt. 75. Attached to the reply is the affidavit of Christina Smith, a legal assistant with the Pierce County Prosecutor's Office. Emails attached to Ms. Smith's affidavit reflect that she communicated with Plaintiff, he received additional copies of pleadings, and he was aware that his response to Defendants' motion was due on November 2, 2015. Dkt. 75 and 76 (Declaration of Christina Smith).

After reviewing the parties' submissions and balance of the record, the Court recommends that Defendants' motion be granted in part and denied in part as described herein.

**STATEMENT OF FACTS**

In his Second Amended Complaint, Mr. Mahone claims that on February 7, 2013, four Pierce County Jail officers used excessive force when escorting him from the courtroom to a holding cell. Dkt. 43. Mr. Mahone, who was an inmate at the Pierce County Jail when the incident allegedly occurred, was attending an arraignment hearing in Pierce County Superior Court. Dkt. 43, at Part II, ¶ 1; Part III, ¶ 1. When the hearing concluded and when Mr. Mahone did not immediately comply with the order of jail officers to get up to leave the courtroom, Officer Rembert allegedly grabbed him by his waist chains and the back of his collar in an aggressive manner and began shoving and yanking him back and forth like a rag-doll, causing Mr. Mahone to lose his balance. Dkt. 43, Part III, ¶ 5.

Defendants deny this claim and argue that the truth is demonstrated by courtroom security video. Dkt. 45 (Answer to Amended Complaint), ¶ 3.7; Dkt. 54, Declaration of Stephen Trinen, Ex. B (DVD and CD containing courtroom security video and audio). The Court's

review of the courtroom security video confirms that one of the officers grabbed Mr. Mahone at the back of his collar but no shoving or yanking occurs on the video.

Mr. Mahone further claims that once out of the courtroom and in the hallway area where the inmate holding cells are located, Officer Rembert began violently snatching him back and forth, and Officers Boyle and Kasten grabbed his arms. Dkt. 43, part III, ¶ 9. Mr. Mahone claims that Officer Rembert punched him in the back of his head so that he fell from the grip of Officers Boyle and Kasten, his face slammed on the cement floor, and he blacked out. He claims that Officers Rembert, Boyle, Kasten, and Lee began beating, kicking, kneeing, and punching him in the body and head, and then landed on top of his head until he lost consciousness. *Id.*, ¶¶ 9, 11.

Defendants deny these allegations. Dkt. 45, ¶¶ 3.7, 3.9, 11. In support of their motion for summary judgment and/or qualified immunity on Mr. Mahone's claim of excessive force, defendants provide unsworn copies of the incident reports written by Officers Kasten, Rembert, Boyle, and Lee. The incident reports are attached as Exhibit A to the affidavit of counsel. Dkt. 54, Affidavit of Stephen D. Trinen, Exhibit A. The Court cannot consider the content of the incident reports because the affidavit submitted is not made on the personal knowledge of an affiant who is competent to testify to the matters stated therein. *See* Fed. R. Civ. P. 56(e). Here, defense counsel can attest that the reports exist and that the copies presented are true and correct copies, but he is not competent to testify as to the content of the unsworn reports.

## STANDARD OF REVIEW

Defendants move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure with respect to Mr. Mahone's claims arising under the Washington State Constitution. Defendants move for judgment on the pleadings and/or summary judgment under

REPORT AND RECOMMENDATION - 3

Rule 56 with respect to Mr. Mahone's remaining claims. A motion filed pursuant to Fed.R.Civ.P. 12(c) is reviewed under the same standard as a motion pursuant to Fed.R.Civ.P. 12(b)(6). *Ludahl v. Seaview Boat Yard, Inc.*, 869 F. Supp. 825, 826 (W.D. Wash. 1994). Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dep'T*, 901 F.2d 696, 699 (9th Cir.1988). A complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir.2009) (citations omitted). The Court also liberally construes a pro se pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir.2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992). However, "'conclusory allegations of law and unwarranted inferences' will not defeat an otherwise proper motion to dismiss." *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir.2007) (citations omitted).

Summary judgment is to be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Courts apply a burden-shifting analysis in determining summary judgment. Where the non-moving party bears the burden of proving the claim at trial, the moving party can meet its initial burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (1) by demonstrating that the non-moving party failed to make a

REPORT AND RECOMMENDATION - 4

showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24; Fed.R.Civ.P. 56(c)(1).

If the moving party meets its initial responsibility, the burden shifts to the opposing party to produce sufficient evidence to establish that a genuine dispute as to a material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Material facts are those that may affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In ruling on a motion for summary judgment, the court does "not weigh the evidence or determine the truth of the matter but only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco*, 41 F.3d 547, 549 (internal citations omitted).

**A.     Claims Arising Under the Washington Constitution**

Mr. Mahone asserts violations of his rights as guaranteed by the Washington Constitution in addition to "… any other state and federal rights…." Dkt. 43, Part IV, ¶¶ 4, 7; Part IV, ¶¶ 9, 11, 12, 14, 16, 19, 21, 23, 26, 28, 31, 36, 38; Part V, ¶¶ 3, 4.

Washington does not have a civil rights act akin to 42 U.S.C. § 1983 and alleged violations of the State constitution are not independently actionable torts. *Reid v. Pierce County*, 136 Wash.2d 195, 213, 961 P.2d 333 (1998); *Spurell v. Black*, 40 Wash.App. 854, 861, 701 P.2d 529 (1985) (Washington due process clause does not constitute an independent cause of action; state may invalidate actions which do not conform with due process but may not award reparations); *Systems Amusement v. State*, 7 Wash.App. 516, 500 P.2d 1253 (1972).

Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations without "the aid of augmentative legislation."

REPORT AND RECOMMENDATION - 5

*Blinka v. Washington State Bar Ass'n*, 109 Wash.App. 575, 591, 36 P.3d 1094, 1102 (2001) *citing Sys. Amusement, Inc. v. State*, 7 Wash.App. 516 at 517); *see also Spurrell*, 40 Wash.App. 854 at 86–61 (1985); *Reid*, 136 Wash.2d at 213.  In light of the lack of legislative guidance on the issue and considering Washington courts' consistent refusals to recognize a cause of action in tort for constitutional violations, a state law constitutional claim cannot stand.

Mr. Mahone has failed to articulate a basis for his claims under the Washington State Constitution.  Accordingly, Defendants are entitled to judgment on the pleadings on Mr. Mahone's claims of violation of the Washington State Constitution.

**B.     Conspiracy Claims**

Mr. Mahone alleges that Officers Rembert, Boyle, and Lee engaged in a conspiracy to write false reports after the fact to cover up their use of excessive force in violation of his civil rights.  Dkt. 43, pp. 8-9; 16, 18-20.

A conspiracy in violation of § 1983 requires proof of: (1) an agreement between the defendants to deprive the plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy; and (3) an actual deprivation of constitutional rights resulting from the agreement. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir.2010).   While conspiracies may be actionable under section 1983, it is necessary that there have been, besides the agreement and overt act, an actual deprivation of a right secured by the Constitution and laws.  *Id.*

Mr. Mahone asserts that the defendants conspired after-the-fact to justify their use of excessive force.  However, allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up.  *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 625 (1988).

REPORT AND RECOMMENDATION - 6

Here, the alleged conspiracy itself did not cause or result in a violation of Mr. Mahone's civil rights. Rather, the violation of his civil rights occurred, if at all, when defendants used excessive force against him. Mr. Mahone has not been deprived of his access to court to plead his excessive force claim and in fact, as discussed in more detail below, that claim survives summary judgment. Accordingly, Defendants are entitled to judgment on the pleadings as to Mr. Mahone's claim of conspiracy.

**C.     Failure to Act – Officers Rembert, Boyle, Kasten, and Lee**

Mr. Mahone alleges that Officer Rembert punched him in the back of his head while Officers Boyle and Kasten restrained him and then Officers Rembert, Boyle, Kasten, and Lee immediately all began beating him. He contends that each of them are liable for failing to prevent the others from beating him. Dkt. 43, p. 15, 17, and 19.

Non-acting officers may be held liable for violating a prisoner's Eighth Amendment rights by failing to intervene to prevent another officer's use of excessive force. *Robins v. Meacham*, 60 F.3d 1436 (9th Cir. 1995). However, other officers are not liable on such a claim where they did not know that force would be used or were physically incapable of preventing an incident which transpired in a matter of seconds. *Ting v. U.S.*, 927 F.2d 1504, 1511-12 (9th Cir. 1991).

Defendants argue, without any evidentiary basis, that neither Officer Boyle nor Officer Lee knew or had the opportunity to prevent Officer Rembert from allegedly hitting Mr. Mahone in the back of the head and none of the three officers were physically capable of preventing an incident which transpired in a matter of seconds. Mr. Mahone alleges that each officer was present at some point during the altercation outside the courtroom and each officer participated in the effort to control Mr. Mahone with presumably differing amounts of force or compliance

REPORT AND RECOMMENDATION - 7

techniques. Thus, the questions of when each officer arrived, what each witnessed, whether there was a violation of Mr. Mahone's constitutional rights, and whether each officer either failed to intervene in, or was an integral participant in the violation of Mr. Mahone's rights are questions for the trier of fact and Defendants' motion as to this claim should be denied.

D.     **Failure to Act – Officers Wasson and Genga**

Mr. Mahone alleges that Officers Wasson and Genga violated his civil rights when they failed to act on information received through Mr. Mahone's grievance that he had been assaulted by Officers Rembert, Boyle, Kasten, and Lee. Dkt. 43, Part IV, ¶¶ 24 to 28. There is no evidence that Officers Wasson and Genga were involved before the assault or had an opportunity to prevent it. Further, "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure," such as the processing of one's appeal. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir.2003) (*citing Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988)). An alleged failure to follow prison policy does not establish a federal constitutional violation. *Cousins v. Lockyer,* 568 F.3d 1063, 1070 (9th Cir. 2009).

Therefore, Mr. Mahone's claims against Defendants Wasson and Genga should be dismissed with prejudice.

E.     **Defendant Scott Kasten**

Mr. Mahone does not assert any claims against Defendant Kasten in his Amended Complaint. Dkt. 43, pp. 14-27. Thus, Defendant Kasten is entitled to judgment on the pleadings and he should be dismissed from this action.

F.     **Defendant Sheriff Pastor**

Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676

REPORT AND RECOMMENDATION - 8

(2009). A supervisor may be held liable under section 1983 upon a showing of either "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir.2011); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989) ("A supervisor is only liable for constitutional violations of his subordinates if [he] ... directed the violations, or knew of the violations and failed to act to prevent them."). The requisite causal connection may be proved by (i) the supervisor's "own culpable action or inaction in the training, supervision, or control of subordinates;" (ii) his "acquiescence in the constitutional deprivation of which a complaint is made;" or (iii) "conduct that showed a reckless or callous indifference to the rights of others." *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir.2000).

Mr. Mahone alleges that Sheriff Pastor acted with deliberate indifference in failing to provide adequate training, supervisory oversight, and control over his subordinate deputies. Dkt. 43, p. 22. He alleges further that Sheriff Pastor failed to provide that adequate policies and procedures were in place prohibiting deputies and other staff from using excessive force, for engaging in conspiracies, and requiring his subordinates to investigate claims of excessive force. *Id.*, pp. 22-24.

Mr. Mahone provides no facts to support these conclusory claims. There is no evidence that Sheriff Pastor personally participated in any subordinate's deliberate indifference to Mr. Mahone or that Sheriff Pastor was responsible for any unconstitutional customs, policies, practices, and procedures giving rise to such deliberate indifference as alleged in the amended complaint. There is also no evidence that Sheriff Pastor was deliberately indifferent to the need to train subordinates and the lack of training actually caused the constitutional harm or deprivation of rights.

REPORT AND RECOMMENDATION - 9

Mr. Mahone fails to raise a genuine dispute of material fact as to whether Sheriff Pastor was personally involved in any constitutional violation or whether there was a causal connection between his conduct and any such violation.  Therefore, Mr. Mahone's claims against Sheriff Pastor should be dismissed.

**G.      Defendant Pierce County**

A municipality or other local government may be liable under Section 1983 if the governmental body "subjects" a person to a deprivation of rights or "causes" a person "to be subjected" to such deprivation.  *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 691–92 (1978).  While municipalities cannot be held vicariously liable under Section 1983 for their employees' actions, municipalities can be liable for policies, customs, practices, and or procedures that violate constitutionally protected rights.  *Id*. at 691.  A plaintiff must demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit.  *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011).

The "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Thus, Mr. Mahone must demonstrate a conscious or deliberate choice on the part of the municipality in order to prevail on a failure to train claim.

Mr. Mahone has not shown that county policy was the cause of his alleged injuries.  There is no evidence that the County knew or should have known that its failure to train its employees would likely result in a constitutional violation and therefore, his claims against Pierce County should be dismissed.

REPORT AND RECOMMENDATION - 10

### H. Qualified Immunity – Eighth Amendment Liability

Defendants contend that they are not liable because they did not use excessive force and alternatively, they are entitled to qualified immunity. Dkt. 53, pp. 11-12.

In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry. The first asks whether the facts, taken in the light most favorable to the party asserting the injury show the officer's conduct violated a federal right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Claims of excessive force made by pre-trial detainees arise under the Due Process Clause and are evaluated under the Fourth Amendment's objective reasonableness standard. *Pierce v. Multnomah County*, 76 F.3d 1032 (9th Cir.1996). A pretrial detainee need not prove that the defendant subjectively knew that the force applied was excessive; that state-of-mind inquiry is solely objective. *Kingsley v. Hendrickson*, --- U.S. ---, 135 S.Ct. 2466 (2015). The inquiry into whether this right was violated requires a balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion.'" *Tennessee v. Garner*, 471 U.S. 1, 8 (1985); *see Graham, supra*, at 396.

The second prong of the qualified-immunity analysis asks whether the right in question was "clearly established" at the time of the violation. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Governmental actors are "shielded from liability for civil damages if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Ibid*. "[T]he salient question ... is whether the state of the law" at the time of an incident provided "fair warning" to the defendants "that their alleged [conduct] was unconstitutional." *Id*., at 741.

REPORT AND RECOMMENDATION - 11

Courts have discretion to decide the order in which to engage these two prongs. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). But under either prong, courts may not resolve genuine disputes of fact in favor of the party seeking summary judgment. *See Brosseau v. Haugen*, 543 U.S. 194, 195, n. 2 (2004) (per curiam ); *Saucier*, *supra*, at 201; *Hope*, *supra*, at 733, n. 1.

Defendants argue that Officers Rembert, Kasten, Boyle, and Lee did not violate Mr. Mahone's rights because they did not use excessive force, did not unlawfully detain or seize, and did not conduct an unlawful search. Dkt. 53, p. 11. Defendants further argue that if the Court determines that the conduct of Officers Rembert, Kasten, Boyle, and Lee violated Mr. Mahone's rights, they are entitled to qualified immunity because they took Mr. Mahone to the ground only after he began to resist and struggle. *Id.*, p. 12. Finally, Defendants argue that Officers Rembert, Kasten, Boyle, and Lee could have reasonably believed that the force used was not excessive because Mr. Mahone was agitated, he struggled with the officers and insulted them, continued to resist and flailed his legs in an attempt to kick the officers. *Id.*, p. 13.

As noted above, Defendants provide no competent summary judgment evidence to support these contentions. Thus there is no evidence independent of Mr. Mahone's allegations as to what occurred outside the courtroom and those allegations are very much in dispute.

The core issue for Mr. Mahone's excessive force claim is a factual determination of the extent of force that was used, and whether that amount of force was excessive given the circumstances. Therefore, a determination on qualified immunity is not appropriate at summary judgment. *See e.g., Santos v. Gates*, 287 F.3d 846, 855 (9th Cir.2002) (*quoting Saucier v. Katz*, 533 U.S. 194, 205 (2001)) ("[W]hether the officers may be said to have made a 'reasonable mistake' of fact or law, may depend on the jury's resolution of disputed facts and the inferences it draws therefrom. Until the jury makes those decisions, we cannot know, for example, how

REPORT AND RECOMMENDATION - 12

much force was used, and, thus, whether a reasonable officer could have mistakenly believed that the use of that degree of force was lawful.")

Because the facts relevant to the issue of qualified immunity are inextricably intertwined with the disputed facts relevant to the issue of excessive force, defendants are not entitled to summary adjudication on the issue of qualified immunity.

## CONCLUSION

Based on the foregoing, the Court finds that Defendants' motion for judgment on the pleadings and/or summary judgment (Dkt. 53) should be **denied** as to Mr. Mahone's excessive force claim against Defendants Rembert, Kasten, Boyle, and Lee; Defendants' motion for judgment on the pleadings and/or summary judgment should be **granted as to all remaining claims and defendants.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the Report and Recommendation for consideration on **December 11, 2015,** as noted in the caption.

**DATED** this 20th day of November, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13